**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| BNSF RAILWAY COMPANY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00789-P |
| | § | |
| INTERNATIONAL ASSOCIATION OF | § | |
| SHEET METAL, AIR, RAIL AND | § | |
| TRANSPORTATION WORKERS – | § | |
| TRANSPORTATION DIVISION, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' ANSWER TO COUNTERCLAIM
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Counterclaim-Defendants BNSF Railway Company ("BNSF"), The Kansas City

Southern Railway Company ("KCS"), CSX Transportation, Inc. ("CSXT"), Grand Trunk

Western Railroad Company ("Grand Trunk"), Norfolk Southern Railway Company ("NS"),

Illinois Central Railroad Company ("IC"), Union Pacific Railroad Company ("UP"), and The

Belt Railway Company of Chicago ("BRC") (collectively the "railroads") hereby answer the

Counterclaim (ECF No. 27) of International Association of Sheet Metal, Air, Rail and

Transportation Workers – Transportation Division ("Counterclaim-Plaintiff" or "SMART-TD").

The railroads deny all of the allegations of the Counterclaim unless expressly admitted

herein.  Each numbered paragraph that follows contains answers to the allegations in the like-

numbered paragraph of the Counterclaim.

1

The introductory paragraph is a characterization of the Counterclaim to which no response is required.  To the extent any response may be deemed required, the railroads deny that the proposals in § 6 notices served by the railroads are barred by the terms of the parties' collective bargaining agreements and aver that any dispute over the meaning of those agreements is a "minor dispute" under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and thus subject to binding arbitration.  The railroads further admit that they seek to bargain over the subjects reflected in their recent § 6 notices, but otherwise deny the allegations contained in the introductory paragraph.

1.    Counterclaim-Defendants admit the allegations of this paragraph.

2.    Counterclaim-Defendants admit the allegations of this paragraph.

3.    Counterclaim-Defendants admit the allegations of this paragraph.

4.    Counterclaim-Defendants admit that BNSF is a common carrier by rail under the Interstate Commerce Act and a carrier as defined in § 1 First of the RLA, 45 U.S.C. § 151 First, and that it operates within this judicial district.  Counterclaim-Defendants deny that BNSF's principle operating office is located in Norfolk, Virginia.

5.    Counterclaim-Defendants admit that BRC is a common carrier by rail under the Interstate Commerce Act and a carrier as defined in § 1 First of the RLA, 45 U.S.C. § 151 First, and that its principle operating office is located in Chicago, Illinois.  Counterclaim-Defendants deny that BRC operates within this judicial district.

6.    Counterclaim-Defendants admit that CSXT is a common carrier by rail under the Interstate Commerce Act and a carrier as defined in § 1 First of the RLA, 45 U.S.C. § 151 First.  Counterclaim-Defendants deny that CSXT's principle operating office is located in Norfolk, Virginia and further deny that CSXT operates within this judicial district.

7.      Counterclaim-Defendants admit the allegations of this paragraph.

8.      Counterclaim-Defendants deny that IC operates in this judicial district and otherwise admit the allegations of this paragraph.

9.      Counterclaim-Defendants admit the allegations of this paragraph.

10.     Counterclaim-Defendants admit the allegations of this paragraph.

11.     Counterclaim-Defendants admit the allegations of this paragraph.

12.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

13.     Counterclaim-Defendants admit the allegations of this paragraph.

14.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

15.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

16.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

17.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

18.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they are in compliance with applicable laws.

19.     Counterclaim-Defendants admit that all of the railroads are participating in national handling with SMART-TD with respect to proposed changes in health and welfare benefit plans, and further admit that some of the railroads are participating in national handling with SMART-TD with respect to other issues, and otherwise deny the allegations of this paragraph.

20.     Counterclaim-Defendants admit the allegations of this paragraph, but aver that one of the railroads is not participating in national handling with SMART-TD with respect to all issues.  Counterclaim-Defendants further aver that each railroad has also served an individual § 6 notice on SMART-TD.

21.     Counterclaim-Defendants admit that the National Carriers' Conference Committee ("NCCC") served a national § 6 notice, which speaks for itself.

22.     Counterclaim-Defendants admit that the NCCC served a national § 6 notice, which speaks for itself.

23.     Counterclaim-Defendants admit that the NCCC served a national § 6 notice, which speaks for itself.

24.     Counterclaim-Defendants admit that SMART-TD maintains subordinate committees and purports to subdivide bargaining authority among those committees. Counterclaim-Defendants deny that SMART-TD can delegate authority to committees in order to circumvent its obligation to bargain on a craft-wide, system-wide basis.

25.     Counterclaim-Defendants admit that some courts have held that certain crew consist proposals are not subject to mandatory national handling, and otherwise deny the allegations of this paragraph.

26.     Counterclaim-Defendants admit that each railroad has at least one agreement addressing crew consist with SMART-TD and otherwise deny the allegations of this paragraph.

27.     Counterclaim-Defendants admit the allegations of this paragraph.

28.     Counterclaim-Defendants deny the allegations of this paragraph.

29.     Counterclaim-Defendants deny the allegations of this paragraph.

30.     Counterclaim-Defendants admit that the parties disagree about whether moratorium language in existing agreements bars the service or progression of proposals to change crew size and/or redeploy conductors.  Counterclaim-Defendants otherwise deny the allegations of this paragraph.

31.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

32.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

33.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

34.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws.

35.     This paragraph is a characterization of federal law to which no response is required.  To the extent any response may be deemed required, Counterclaim-Defendants aver that they have complied with applicable laws as well as collective bargaining provisions regarding handling of relevant claims "on the property."

36.     Counterclaim-Defendants deny the allegations of this paragraph.

37.     Counterclaim-Defendants deny the allegations of this paragraph.

38.     Counterclaim-Defendants deny the allegations of this paragraph.

39.     Counterclaim-Defendants deny the allegations of this paragraph.

40.     Counterclaim-Defendants deny the allegations of this paragraph.

41.     Counterclaim-Defendants reallege and incorporate by reference their prior responses to those allegations.

42.     Counterclaim-Defendants deny the allegations of this paragraph.

43.     Counterclaim-Defendants deny the allegations of this paragraph.

## <u>PRAYER FOR RELIEF</u>

Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to any relief. Counterclaim-Defendants respectfully request that this Court dismiss the Counterclaim with prejudice and grant such other and further relief to Counterclaim-Defendants, including costs and attorneys' fees, as may be deemed just and appropriate.

///

///

## AFFIRMATIVE DEFENSES

In addition to the above answers to the particular allegations of the Counterclaim, Counterclaim-Defendants assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction to grant the requested relief.

### THIRD AFFIRMATIVE DEFENSE

This matter presents a minor dispute under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and is subject to mandatory arbitration under that statute.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff cannot demonstrate irreparable harm sufficient to justify entry of injunctive relief.

### FIFTH AFFIRMATIVE DEFENSE

Entry of an injunction against Counterclaim-Defendants would cause irreparable harm to the railroads, as well as their customers and the general public.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff's request for injunctive relief is barred by the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants reserve the right to assert additional affirmative defenses to the extent permitted by law.

Dated: December 2, 2019

Respectfully submitted,

*/s/ Donald J. Munro*

Russell D. Cawyer
Texas State Bar No. 00793482
Braden Allman
Texas State Bar No. 24107690
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102-3194
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9762
Email:  russell.cawyer@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
Aaron S. Markel
D.C. Bar No. 1018072
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile: (202) 626-1700
Email:  dmunro@jonesday.com

Brian Jorgensen
Texas State Bar No. 24012930
JONES DAY
2727 N. Harwood Street, Suite 500
Dallas, TX 75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
Email:  bmjorgensen@jonesday.com

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2019, the foregoing was filed using the U.S. District Court for the Northern District of Texas's CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Donald J. Munro*
Donald J. Munro