IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY, et al.,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 4:19-CV-00789-P |
| **INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS— TRANSPORTATION DIVISION,** | § § § § § § | |
| **Defendant.** | § § | |

## NOTICE OF UNOPPOSED FILING OF POST-HEARING SUPPLEMENT

The Court heard arguments in this case on December 19, 2019. At the hearing, Plaintiffs repeatedly mentioned a list of orders requiring collective bargaining. Plaintiffs offered to file this list of cases on the docket and do so now, attached as Exhibit A.

                                                        Respectfully submitted,

                                                      */s/ Russell D. Cawyer*
                                                      Donald J. Munro
                                                      D.C. Bar No. 453600
                                                      Aaron S. Markel
                                                      D.C. Bar No. 1018072
                                                      JONES DAY
                                                      51 Louisiana Avenue, NW
                                                      Washington, DC 20001
                                                      Telephone: (202) 879-3939
                                                      Facsimile: (202) 626-1700
                                                      Email: dmunro@jonesday.com
                                                      Email: amarkel@jonesday.com

> Brian Jorgensen
> Texas State Bar No. 24012930
> JONES DAY
> 2727 N. Harwood Street, Suite 500
> Dallas, TX 75201-1515
> Telephone: (214) 220-3939
> Facsimile: (214) 969-5100
> Email: bmjorgensen@jonesday.com
>
> Russell D. Cawyer
> State Bar No. 00793482
> Braden C. Allman
> State Bar No. 24107690
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500
> Fort Worth, Texas  76102
> Telephone:  (817) 332-2500
> Telecopy:  (817) 878-9280
> Email:  russell.cawyer@kellyhart.com
> Email:  braden.allman@kellyhart.com
>
> **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The undersigned counsel conferred with Kevin Brodar, counsel for Defendant, after the hearing on December 19, 2019.  Defendant does not oppose this supplement.

> */s/ Russell D. Cawyer*
> Russell D. Cawyer

## CERTIFICATE OF SERVICE

On December 20, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

> */s/ Russell D. Cawyer*
> Russell D. Cawyer

# EXHIBIT A

*BNSF Railway Company et al. v. International Association of Sheet Metal, Air, Rail and Transportation Workers – Transportation Division*
Civil Action No. 4:19-cv-00789-P

### Orders Requiring Collective Bargaining

1. *Binstock v. DHSC, LLC*, No. 5:16-cv-01060, 2017 WL 3895096, at *8 (N.D. Ohio Sept. 5, 2017) (ordering bargaining of at least 24 hours per month)

2. *Paulsen v. Primeflight Aviation Servs.*, No. 1:16-cv-05338 (E.D.N.Y. Oct. 24, 2016) Order Granting Petitioner's Motion for Preliminary Injunction (ECF No. 25) at 2 (entering injunction requiring good faith bargaining pending further proceedings before the NLRB), *aff'd in relevant part and reversed in part on other grounds by Paulsen v. PrimeFlight Aviation Servs., Inc.*, 718 F. App'x 42 (2d Cir. 2017)

3. *Kreisberg v. Emerald Green Bldg. Servs., LLC*, 169 F. Supp. 3d 261, 274–75 (D. Mass. 2015) (granting temporary injunction requiring good faith bargaining pending final resolution of matters pending before the NLRB)

4. *Lineback v. SMI/Div. of DCX-Chol Enterprises, Inc.*, No. 1:14-CV-228 JD, 2014 WL 5798428, at *15 (N.D. Ind. Nov. 7, 2014) (granting temporary injunction requiring good faith bargaining for at least six months, pending final resolution before the NLRB)

5. *Rubin v. Hosp. of Barstow, Inc.*, No. 5:13-CV-00933-CAS, 2013 WL 3618802, at *1–2 (C.D. Cal. June 24, 2013) (granting temporary injunction requiring good faith bargaining pending final resolution before the NLRB, and prohibiting party from otherwise interfering with bargaining by, among other things, "refusing to offer proposals or counter proposals; [or] abruptly shortening and/or canceling bargaining sessions")

6. *Garcia ex rel. N.L.R.B. v. S & F Mkt. St. Healthcare, LLC*, No. CV 12-1773 PA VBKX, 2012 WL 1322888, at *14–15 (C.D. Cal. Apr. 17, 2012) (granting preliminary injunction requiring party to "bargain in good faith . . . with respect to rates of pay, hours of work and other terms and conditions of employment")

7. *Paulsen v. Renaissance Equity Holdings, LLC*, 849 F. Supp. 2d 335, 362–63 (E.D.N.Y. 2012) (granting preliminary injunction requiring party to "commence bargaining in good faith")

8. *Small ex rel. National Labor Relations Board v. Avanti Health Sys. LLC*, No. CV 11-01349 ODW (FMOx), 2011 WL 13209169, at *6 (C.D. Cal. Mar. 28, 2011) (granting injunction and requiring respondent to "take the . . . affirmative action" of "bargain[ing] collectively and in good faith"), *aff'd* 661 F.3d 11080 (9th Cir. 2011)

9. *Muffley ex rel. N.L.R.B. v. DaNite Holdings, Ltd.*, No. 2:10-CV-605, 2010 WL 3001854, at *5 (S.D. Ohio July 30, 2010) (requiring bargaining "during the pendency of the administrative proceedings")

10. *Norelli v. HTH Corp.*, 699 F. Supp. 2d 1176, 1206–07 (D. Haw. 2010) (issuing injunction requiring party to take the "affirmative steps" of "bargaining in good faith" and to "resume contract negotiations"), *aff'd sub nom. Frankl v. HTH Corp.*, 650 F.3d 1334 (9th Cir. 2011)

11. *Peck v. Horizons Youth Services, LLC*, No. CIV S-09-1600 LKK/JFM, 2009 WL 2381761, at *13 (E.D. Cal. July 7, 2009) (granting temporary injunction and ordering that "pending the final disposition of the matters pending before the [NLRB]" party was "enjoined and restrained from" refusing to bargain and was required to take the "affirmative steps" of "meet[ing] and bargain[ing]")

12. *Norelli v. SFO Good-Nite Inn*, No. C06-07335 MJJ, 2007 WL 662477, at *16 (N.D. Cal. Mar. 1, 2007) (granting temporary injunction requiring parties to engage in good faith bargaining pending resolution of matters before the NLRB "until either a good-faith impasse or an understanding on a new collective-bargaining agreement is reached")

13. *Aguayo v. S & F Mkt. St. Healthcare LLC*, No. CV05-8165 SVW (PJWX), 2006 WL 941183, at *7 (C.D. Cal. Mar. 22, 2006) (granting injunction requiring collective bargaining), *aff'd* 205 F. App'x 632 (9th Cir. 2006)

14. *Ahearn v. Muth Lumber Co.*, No. C-1-99-914, 2000 WL 33201877, at *4–5 (S.D. Ohio Feb. 10, 2000) (enjoining party from "failing or refusing to meet and bargain at reasonable times and places" and providing that "[t]his Order shall remain in effect until final resolution by the NLRB" on the outstanding unfair labor practice charges)

15. *Fleischut v. Burrows Paper Corp.*, No. 3:98-CV-791WS, 1999 WL 1036515, at *7–8 (S.D. Miss. Sept. 30, 1999) (granting temporary injunction requiring good faith bargaining pending resolution of claims before the NLRB)

16. *Overstreet v. Thomas Davis Med. Centers, P.C.*, 9 F. Supp. 2d 1162, 1167–68 (D. Ariz. 1997) (granting temporary injunction and ordering party to "[t]ake the following affirmative actions," which included "bargain in good faith")

17. *Silverman v. Major League Baseball Player Relations Comm., Inc.*, 880 F. Supp. 246, 261 (S.D.N.Y.) (Sotomayor, J.) (granting injunction requiring parties to bargain in good faith "until either (1) the Players and Owners enter into a new collective bargaining agreement that replaces the expired Basic Agreement, or (2) the final disposition of the matters pending before the [NLRB]"), *aff'd*, 67 F.3d 1054 (2d Cir. 1995)

18. *Pascarell v. Gitano Grp., Inc.*, 730 F. Supp. 616, 625–26 (D.N.J. 1990) (granting temporary injunction and ordering that "pending final adjudication by the [NLRB] of the instant charges," the party violating the law must "cease and desist from . . . failing or refusing to . . . bargain in good faith")

19. *Silverman for & on Behalf of N.L.R.B. v. Imperia Foods, Inc.*, 646 F. Supp. 393, 400 (S.D.N.Y. 1986) (granting preliminary injunction requiring good faith bargaining "in order to protect the collective bargaining process")

20. *Teamsters, Airline Div. v. BIC Guardian Services, Inc.*, No. 3-74-841-B, 1974 WL 1353, at *3-4 (N.D. Tex. Sept. 9, 1974) (granting temporary restraining order and enjoining party from "[r]efusing to bargain in good faith")

21. *Chicago & N. W. Ry. Co. v. United Transp. Union*, 330 F. Supp. 646, 652 (N.D. Ill. 1971) (ordering SMART-TD's predecessor to "begin negotiating and bargaining conferences in an attempt to reach an agreement over the crew consist controversy")